**IN THE COURT OF APPEALS OF IOWA**

No. 16-0303
Filed April 27, 2016

**IN THE INTEREST OF J.R.,**
**Minor Child,**

**C.B., Father,**
　　　　Appellant.
_____

　　　　Appeal from the Iowa District Court for Winnebago County, Karen Kaufman Salic, District Associate Judge.

　　　　A father appeals from the order terminating his parental rights.
**AFFIRMED.**

　　　　Theodore J. Hovda, Garner, for appellant father.

　　　　Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

　　　　Jane M. Wright of Jane M. Wright, Attorney at Law, Forest City, attorney and guardian ad litem for minor child.

　　　　Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**PER CURIAM.**

A father appeals from the juvenile court's order terminating his parental rights to his five-year-old child, J.R.[1]  We review termination-of-parental-rights proceedings de novo.  *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

At the termination hearing for the child's mother, the father appeared and consented to the termination of his parental rights, pursuant to Iowa Code section 232.116(1)(a).[2]  He testified he was consenting voluntarily and believed termination was in the child's best interests.  On appeal, the father does not deny his consent was voluntary and intelligent, nor does he deny there was good cause for him to desire the termination.  Instead, he claims he consented to the termination because the Iowa Department of Human Services did not cooperate with him or make reasonable efforts to allow him to improve his bond with the child.  He also claims an exception to termination applies because "termination would be detrimental to the child . . . due to the closeness of the parent-child relationship."  Iowa Code § 232.116(3)(c).

The father did not raise these issues before the juvenile court, and therefore, they are not preserved for our review.  *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012) ("[T]he general rule that appellate arguments must first be raised in the trial court applies to [child-in-need-of-assistance] and termination of parental rights cases.").  Furthermore, we agree with the juvenile court that termination is in the child's best interests.  *See In re T.N.M.*, 542 N.W.2d 574,

---

[1] The court also terminated the mother's parental rights to J.R. pursuant to Iowa Code section 232.116(1)(a) (2015).  She does not appeal.

[2] Iowa Code section 232.116(1)(a) provides a court may terminate parental rights when "[t]he parents voluntarily and intelligently consent to the termination of parental rights and the parent-child relationship and for good cause desire the termination."

576 (Iowa Ct. App. 1995) (finding, when a parent voluntarily and intelligently consents to the termination of her parental rights at the time of the termination hearing, the consent is "binding if it is in the best interest[s] of the child").

Because the father's consent to termination was voluntarily and intelligently given and there was good cause for him to desire the termination, we affirm without further opinion. *See* Iowa R. App. P. 6.1203(a), (d).

**AFFIRMED.**